THE TOWN OF WHITINGHAM *v.* THE TOWN OF WARDSBORO.

*Service of Order of Removal.*

Service of an order of removal on H., overseer of the poor of W., "by leaving a true and attested copy of this order of removal and citation at his house, in the hands of Wales Willard, he being a person of suitable discretion with whom to leave the same," *held* insufficient and fatal to the proceedings, though unappealed from.

APPEAL from an order of removal of Joseph Converse and family, paupers, from the town of Whitingham to the town of Wardsboro. Plea, that the last legal settlement of the said

Joseph was not in the town of Wardsboro. Trial by the court, April term, 1873, BARRETT, J., presiding.

The court found the following facts:

On the 30th of September, 1862, at Dover, in said county of Windham, a court of inquiry and examination was held before two justices of the peace, upon the complaint of the then overseer of the poor of Dover, who complained in substance, that said Joseph Converse had come to reside in Dover, had not gained a settlement therein, was likely to become chargeable, and that his last legal settlement was in Wardsboro, &c., which resulted in the said Joseph's being ordered to remove from said Dover to said Wardsboro, with his family and effects, on or before the 15th day of October then next; that said Converse was not actually removed to Wardsboro; that on or about the 17th day of October, 1862, one Delphi W. Yeaw, a deputy sheriff, undertook to make service of said order of removal and of notice upon the town of Wardsboro; that the only service he ever made, is the one shown by the copy of the record of the proceedings in the matter of said order of removal, which is as follows:

"State of Vermont, Windham County, ss. At Wardsboro, on the 17th day of October, 1862, I served this order of removal and citation on Josiah Higgins, the overseer of the poor of Wardsboro, by leaving a true and attested copy of this order of removal and citation at his house, in the hands of Wales Willard, he being a person of suitable discretion with whom to leave the same.

"Attest, D. W. Yeaw, Deputy Sheriff."

The court found from parol evidence offered by the defendant and received subject to objection, that no copy of said order of removal and citation was ever delivered to Josiah Higgins, overseer of the poor of Wardsboro, or left at his last and usual place of abode for him, and that said Higgins never had notice of said order, and that the return of said Yeaw was not true. It was conceded that no appeal was ever taken by said town of Wardsboro from said order of removal. The town of Whitingham did not offer any evidence, other than said order of removal, that said Converse's last legal settlement was in the town of Wardsboro. The court held and decided that said pauper was unduly removed, and rendered judgment for the defendant to recover its costs; to which the plaintiff excepted.

63

Whitingham v. Wardsboro.

*C. N. Davenport* and *A. A. Butterfield*, for the plaintiff.

The county court erred in admitting and finding from parol evidence, that the return of said Yeaw was not true. The return, whatever it may be, and whether true or false, is the return of a sworn officer of the law, upon a process within his jurisdiction to serve, and is therefore conclusive upon the parties to the process, and all claiming under them, and not subject to be varied or contradicted by parol evidence. *Hathaway* v. *Phelps*, 2 Aik. 84; *Stevens* v. *Brown*, 3 Vt. 420; *Swift* v. *Cobb et al.* 10 Vt. 282; *Barrett* v. *Copeland*, 18 Vt. 67; *White River Bank* v. *Downer & Tr.* 29 Vt. 332; *Poultney* v. *Sandgate*, 35 Vt. 146; *Wardsboro* v. *Whitingham and Dover*, 45 Vt. 450. The finding of the court, that in fact Wardsboro had no notice, is not important. "This want of actual notice must be regarded as the misfortune of the town on which the service was made. It cannot be interposed to defeat the legal effect of the order and service. The proceedings can no more be attacked in this collateral way, than could a judgment recovered under such a service of a writ of summons, had a similar accident occurred to the defendant." PECK, J., in *Poultney* v. *Sandgate*, 35 Vt. 153. The defendant's remedy is by suit against the officer for making a false return.

The return is sufficient to show notice of the order of removal to Wardsboro. The statute then in force required the copy of the order of removal and notice to be served upon the overseer within thirty days, "as writs of summons are now required by law to be served." To comply with this statute, it was only necessary that Yeaw should have delivered to the overseer, "a true and attested copy of the writ with his return thereon, or left such copy at the house of his usual abode with some person of sufficient discretion then resident therein." Gen. Sts. ch. 20, § 11, ch. 33, § 21; *Marvin* v. *Wilkins*, 1 Aik. 107; *Tracy, ex parte,* 25 Vt. 99; *Collins* v. *Merriam*, 31 Vt. 622; *Poultney* v. *Sandgate*, 35 Vt. 146. It is true that this return is not in literal compliance with the statute. It is, however, substantially so, and for all the purposes of notice, sufficient. It cannot be said to be a void service. Possibly it might not stand a plea in abatement. *Newton* v. *Adams et al.* 4 Vt. 437.

We are aware that under the " warning-out " act of 1801 which provided that the warning should be served " in the same manner as was provided for the service of writs or summons," a great degree of strictness was applied by courts, and much astuteness displayed by judges in picking flaws in officers' returns. The reasons for this are well stated by Judge WILLIAMS, in *Barnet v. Concord*, 4 Vt. 564. If the same strictness is applicable to this return, there is plausible ground for claiming that it is defective. *Castleton* v. *Clarendon*, Brayt. 181; *Townshend* v. *Athens*, 1 Vt. 284; *New Haven* v. *Vergennes*, 3 Vt. 89; *Winhall* v. *Landgrove*, 45 Vt. 376; *Reading* v. *Rockingham*, 2 Aik. 272.

The case turns upon the sufficiency of Yeaw's return. If sufficient to show notice of the order of removal of Converse from Dover to Wardsboro, the omission to appeal by Wardsboro conclusively fixes the settlement of the pauper in that town. *Dorset* v. *Manchester*, 3 Vt. 370; *Barre* v. *Morristown*, 4 Vt. 574; *Rupert* v. *Sandgate*, 10 Vt. 278; *Charleston* v. *Lunenburgh*, 23 Vt. 525; *Stowe* v. *Brookfield*, 26 Vt. 524; *Chester* v. *Wheelock*, 28 Vt. 554; *Poultney* v. *Sandgate*, *supra*.

*J. G. Eddy*, for the defendant.

We insist that no notice or service of the order was ever given to, or served upon, Wardsboro, and that the officer's return does not show notice to or service upon Wardsboro.

This order of removal is not conclusive upon Wardsboro nor any other party, unless perfected by giving the notice required by the statute. *Fairfield* v. *St. Albans*, Brayt. 176; *Hartland* v. *Williamstown*, 1 Aik. 241; *Barre* v. *Morristown*, 4 Vt. 574. This principle is recognized in *Rupert* v. *Sandgate*, 10 Vt. 278; *Dorset* v. *Rutland*, 16 Vt. 419; *Braintree* v. *Westford*, 17 Vt. 141; *Stowe* v. *Brookfield*, 26 Vt. 524; *Chester* v. *Wheelock*, 28 Vt. 554; *Poultney* v. *Sandgate*, 35 Vt. 146.

The officer's return is fatally defective. It fails to show that a copy of the order of removal was left personally with the overseer of the poor of Wardsboro. The statute requires that this should be done. Gen. Sts. ch. 33, § 24; *Fairfield* v. *King*, 41 Vt. 611. It does not state that the person with whom the copy

of the order was left, resided at the dwelling house or last and usual place of abode of the overseer. It does not show that a copy of the order of removal was left with a person of sufficient discretion who resided at the dwelling house or usual place of abode of the overseer of the poor of Wardsboro. *Reading* v. *Rockingham*, 2 Aik. 272 ; *Barnet* v. *Concord*, 4 Vt. 564 ; *Barre* v. *Morristown*, *supra*; *Windsor* v. *Turner*, 29 Vt. 350. It is necessary that an officer's return should state all that has been done, so that it can be denied or traversed. *Reading* v. *Rockingham*, *supra* ; *Davis* v *Maynard*, 9 Mass.; *Barnet* v. *Concord*, *supra*.

Where no appeal is taken from the order of removal, there is no presumption of notice to the town to which the pauper is ordered to be removed ; nor is it to be presumed that the town has waived notice. *Bradford* v. *Corinth*, 1 Aik. 290.

No person is a party to a suit, or bound by a judgment therein, without a judicial notice of some sort. *Sheafer* v. *Gates and wife*, 2 B. Monr. (Ky.) 453 ; *Eaglehard et al.* v. *Sutton*, 7 How. (Miss.) 99 ; *Clark* v *Grayson*, 2 Pike, (2 Ark.) 149. A judgment against a defendant who has had no notice either actual or constructive, is a nullity. *Anderson* v. *Miller*, 4 Blackf. 417 ; *Woods, ex parte*, 3 Pike, (3 Ark.) 532.

The parol evidence offered by the defendant was admissible, because it does not contradict or deny any part of the officer's return.

The opinion of the court was delivered by

REDFIELD, J. The sufficiency of service of the order of removal, is the only question reserved in the exceptions. What purports to be the return on the order of removal, is signed by " D. W. Yeaw, deputy sheriff," and states that he " served the order and citation on Josiah Higgins, the overseer of the poor of Wardsboro, by leaving a true and attested copy of the same at his house, in the hands of Wales Willard, he being a person of suitable discretion with whom to leave the same." It does not appear that the copy was left at Higgins's " last and usual place of abode." He might have owned several houses, and lived in

neither. The copy was left with Wales Willard, but it is not stated that he was "then resident therein." There is no statement that such copy had "this return thereon endorsed ;" or any return whatever endorsed. The return may be true, and the copy have been left at a house where the overseer never lived ; with a stranger—a mere traveler, on his way out of town, and the paper have had no return whatever endorsed upon it. The return omits some of the substantial requirements of the statute, and does not show service of the order upon the defendant town, as required by statute. The order of removal is *ex parte*, but, if served, and unappealed from, concludes the settlement of the pauper as between the parties. *Poultney* v. *Sandgate*, 35 Vt. 150. No judgment is valid against any one, unless he had the opportunity of hearing and contesting it. He must have notice, or such as the law deems notice. The reasons for notice are quite as imperative in this class of cases, as in the service of the warning-out process. In the latter cases, such service would be entirely invalid. *Reading* v. *Rockingham*, 2 Aik. 272. And in *Poultney* v. *Sandgate, supra*, PECK, J., maintains that the return stating the service to have been made in compliance with the statute (though the person into whose hands the copy was delivered—" resident therein, and of sufficient discretion "—did not deliver it to the overseer), must be held effectual service, though there was no actual notice, because the return states every necessary fact to constitute legal service : thus impliedly admitting that without such return, the proceedings would be inoperative. The defective return is fatal to the proceedings. The facts found by the court upon parol testimony, if the admission of such testimony was error, were *post-mortem* blows, and here worked, to the party, no legal injury.

Judgment affirmed.